IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAYMER and RUBY CALDWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 11 CV 3426 |
| ) | |
| ) | Judge |
| The CITY OF MARKHAM, Illinois, a municipal ) | |
| Corporation, Markham Deputy Police Chief ) | Magistrate Judge |
| ANTHONY DEBOIS #5, Markham Police ) | |
| Officers DARRYL STARKS #544, MILLER ) | |
| #542, BRAZIL #536, other UNKNOWN ) | |
| MARKHAM POLICE OFFICERS, and Harvey ) | |
| Alderman KEITH PRICE, ) | |
| | |
| Defendants. | |

### COMPLAINT

Plaintiffs, MICHAEL HAYMER and RUBY CALDWELL, by and through their attorneys,

The Hamilton Law Office, LLC, makes the following complaint against Defendants CITY OF

MARKHAM, ("Defendant CITY") Markham Deputy Police Chief ANTHONY DEBOIS,

Markham Police Officers DARRYL STARKS, MILLER, BRAZIL ("DEFENDANT OFFICERS"),

and other UNKNOWN MARKHAM POLICE OFFICERS ("UNKNOWN OFFICERS") and

Harvey Alderman KEITH PRICE:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of

law of Plaintiffs' rights as secured by the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and §1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the

events giving rise to the claims asserted in this complaint occurred within this district.

### THE PARTIES

4.   Plaintiff MICHAEL HAYMER is a thirty-year-old, business owner and resident of Hazel Crest, Illinois.

5.   Plaintiff RUBY CALDWELL, is a seventy-five year old retired nurse, is Plaintiff HAYMER's grandmother, and is also a resident of Hazel Crest, Illinois.

6.   Defendant CITY is a municipal corporation incorporated under the laws of the State of Illinois.

7.   Defendant DEBOIS is the Deputy Chief of Police for the Markham Police Department, employed by the Defendant CITY and acting in the scope of that employment and under color of law.  Defendant DEBOIS is sued in both his official and individual capacities.

8.   DEFENDANT OFFICERS, and UNKNOWN OFFICERS, are or were, at all times relevant to this complaint, Markham police officers, employed by the City of Markham and acting under color of law and within the scope of their employment.  DEFENDANT OFFICERS and UNKNOWN OFFICERS are sued in their individual and official capacities.

9.   Defendant PRICE is an elected official in the City of Harvey, Illinois.  Defendant PRICE is sued in his individual capacity.

<u>FACTS</u>

**Defendant DEBOIS Shakes Plaintiff Down For Money**

10.   Since 2008, Plaintiff HAYMER has owned and operated a small security business called B & E Protection, a private bodyguard, security and executive transportation company based in the south suburbs of Chicago, Illinois.

11.   In October of 2009, Plaintiff HAYMER's company was hired to provide security services for Adrianna's Sports Bar and live music venue, located at 16300 S Dixie Highway in Markham, Illinois.

12.   Defendant DEBOIS recommended HAYMER for the job based on a security job

2

HAYMER and DEBOIS had previously worked on together.

13.     Prior to hiring Plaintiff's company to provide security services, Adrianna's Sports Bar fulfilled its security needs by hiring off-duty Markham police officers.

14.     Shortly after Plaintiff HAYMER's security company began working at Adrianna's Sports Bar, Defendant DEBOIS, while on duty as a Markham police officer, began making comments to Plaintiff HAYMER and others, suggesting that Plaintiff HAYMER pay DEBIOS a portion of his profits at Adrianna's Sports Bar because had DEBOIS recommended HAYMER for the job.

15.     When HAYMER did not pay DEBOIS this kickback, DEBOIS's comments became more and more frequent and increasingly threatening.

### DEBOIS Plans HAYMER's False Arrest

16.     In October of 2010, B & E Security was contracted to provide security services at a Haunted House in Crest Hill, Illinois.

17.     On October 15, 2010, Plaintiff HAYMER worked the entire evening at the Joliet Haunted House.

18.     On October 20, 2010, Plaintiff HAYMER drove to Joliet, Illinois, to pick up payment for the security job at the Haunted House. Plaintiff locked the money from the Haunted House job in the center console of his vehicle.

19.     At approximately 6:40 p.m., that night (October 20, 2010), Plaintiff HAYMER spoke with DEBOIS on the telephone. During that conversation, DEBOIS again requested a kickback from HAYMER for the business at Adrianna's Sports Bar.  When HAYMER would not agree, DEBOIS threatened that he would "pay out of [his] own pocket somehow," and hung up.

20.     Unbeknownst to Plaintiff HAYMER, on information and belief, Defendant DEBOIS and STARKS either in conspiracy with Defendant PRICE, or without PRICE's knowledge, fabricated a criminal complaint by PRICE against Plaintiff HAYMER, alleging that HAYMER had threatened

PRICE with a gun at the Adrianna's Sports Bar.

21.     Based on this false complaint, on information and belief, Defendant DEBOIS then sent

DEFENDANT OFFICERS to Plaintiff HAYMER's home to make good on his threat to force

Plaintiff HAYMER to "pay out of [his] pocket somehow."

**DEFENDANT OFFICERS' Unreasonable Search & Seizure on October 20, 2010**

22.     At approximately 9:15 p.m. that night, Plaintiff HAYMER was in his bedroom at 3314

Birchwood Drive, in Hazel Crest, Illinois, where he lives with his grandmother, Plaintiff

CALDWELL.

23.     While Plaintiff CALDWELL was just getting ready for bed, DEFENDANT OFFICERS

entered Plaintiffs' property, in the back and front yards, and surrounded their house.

24.     Plaintiff CALDWELL heard a loud consistent banging at the front door, accompanied by

repeated ringing of her doorbell.

25.     Plaintiff CALDWELL was the first to the door, and when she opened it, she saw several

men who identified themselves as "Markham police" but who were not wearing uniforms, displaying

badges or nametags, nor showing any other forms of police identification.  One of these men

ordered Plaintiff CALDWELL to get her grandson, Plaintiff HAYMER.

26.     Plaintiff HAYMER, who had been in bed and was not fully dressed, came to the door and

spoke with DEFENDANT OFFICERS.

27.     Through the screen door Plaintiff HAYMER asked why DEFENDANT OFFICERS were

there.   One or more of them told him they were there to take him jail, but refused to explain why,

except to say that it was for a misdemeanor offense.

28.     One of DEFENDANT OFFICERS told Plaintiff HAYMER to get $100, get dressed, and

come outside.

29.     Because of his problems with Defendant DEBOIS, Plaintiff was suspicious of

DEFENDANT OFFICERS' motives. Plaintiff HAYMER asked if they had a warrant for his arrest, and Defendant BRAZIL told him they did not need a warrant.

30.     Plaintiff looked outside and did not see any marked squad cars, nor any Hazel Crest Police officers.

31.     Plaintiff HAYMER shut the door and called the Hazel Crest Police Department and the Illinois State Police, informing them of his concerns and asking for guidance on what to do next.

32.     DEFENDANT OFFICERS began repeatedly, consistently, and vigorously pounding on the front and back doors of Plaintiffs' home for several minutes. Plaintiffs video-taped this behavior.

33.     Plaintiff CALDWELL was very frightened and was praying and crying.

34.     Plaintiffs' neighbors began to gather outside on the block causing Plaintiffs embarrassment and humiliation.

35.     DEFENDANT OFFICERS yelled to Plaintiff HAYMER that if he did not come outside, they were going to tow his cars away. Plaintiff had two vehicles parked at his residence.

36.     Shortly thereafter, as Plaintiff HAYMER watched from inside his home, DEFENDANT OFFICERS used slim jim tools to break into both of Plaintiff HAYMER's cars, damaging both vehicles in the process.

37.     DEFENDANT OFFICERS subsequently searched both of Plaintiff HAYMER's vehicles, and found nothing illegal.

38.     DEFENDANT OFFICERS then had both his cars towed away from his home.

39.     When they began to tow his cars away, Plaintiff HAYMER began crying and came outside.

**HAYMER is Arrested and Prosecuted For a Crime He Did Not Commit**

40.     As soon as he came outside, DEFENDANT OFFICERS placed Plaintiff HAYMER in handcuffs and put him into an unmarked police car without any explanation.

41.     DEFENDANT OFFICERS drove Plaintiff HAYMER to the Markham Police

5

Department without explaining to him why he was being arrested.

42.    While at the Markham police station, Plaintiff HAYMER overheard Defendant DEBOIS and DEFENDANT OFFICERS discussing what charges to place against him.

43.    HAYMER heard Defendant DEBOIS telling DEFENDANT OFFICERS to charge Plaintiff HAYMER with impersonating a police officer, and he did not care if it was true or not.

44.    Plaintiff HAYMER denied any involvement in any criminal activity.

45.    DEFENDANT OFFICERS and Defendant DEBOIS falsely charged Plaintiff HAYMER with Aggravated Assault of Defendant PRICE on October 15, 2010.

46.    At some point, one or more of DEFENDANT OFFICERS also broke into and took the United State's currency from the center console of one of Plaintiff's vehicles. This money was never inventoried by DEFENDANT OFFICERS, and was never returned to Plaintiff HAYMER.

47.    Based on the false police reports and false complaint by Defendant PRICE, Plaintiff HAYMER was prosecuted by the Cook County State's Attorney's Office.

48.    Plaintiff HAYMER had to hire and pay a criminal defense attorney to represent him on the false charges Defendant DEBOIS, PRICE and DEFENDANT OFFICERS' placed against him.

49.    B & E Protection lost its security contract with Adrianna's Sports Bar, causing Plaintiff HAYMER financial losses.

50.    On December 13, 2010, Defendant PRICE failed to appear in court and the charges against Plaintiff HAYMER were dismissed pursuant to the State's motion to strike the charges with leave to reinstate.

51.    On December 14, 2010, the Cook County State's Attorney's Office moved to reinstate the charges against Plaintiff HAYMER.

52.    On January 21, 2011, Defendant PRICE failed to appear in court on the false charges against Plaintiff HAYMER a second time, and the State's motion to reinstate the charges was

denied.

53.    The State's Attorney never moved to reinstate the charge against Plaintiff HAYMER again.

54.    As a result of these false charges, Plaintiff HAYMER suffered emotional harm and damage to his personal and professional reputations, and both he and his business have suffered pecuniary losses.

55.    Plaintiff CALDWELL suffered emotional harm and damage to her reputation in her neighborhood, where she has lived in the same home since 1975.

**DeBois Continues to Harass Plaintiff HAYMER and His Employees**

56.    Though Plaintiff HAYMER has not been able to regain his security contract with Adrianna's, on May 14, 2011, B & E Protection was hired to provide bodyguard services for an R & B music group scheduled to perform at Adrianna's Sports Bar.

57.    At approximately midnight, Plaintiff HAYMER and one of his employees arrived at Adrianna's to make sure his employees were in place and that things were running smoothly.

58.    When Plaintiff HAYMER pulled up Defendant DEBOIS was standing outside the club with a drink, talking on his cell phone.

59.    Plaintiff HAYMER and his employee went inside the club to speak with the manager and check that everything was in order.

60.    Inside the club, Defendant DEBOIS was talking with several Markham police officers.

61.    Shortly thereafter, UNKNOWN OFFICERS approached Plaintiff HAYMER and his employee and ordered them outside.

62.    Plaintiff HAYMER and his employee complied. Once outside, UNKNOWN OFFICERS searched Plaintiff HAYMER and his employee without legal justification, and found nothing illegal.

63.    Defendant DEBOIS came outside and instructed UNKNOWN OFFICERS to search

Plaintiff HAYMER's vehicle without legal justification.

64. UNKNOWN OFFICERS searched Plaintiff HAYMER's vehicle and found nothing illegal.

65. Eventually, UNKNOWN OFFICERS and Defendant DEBOIS released Plaintiff HAYMER and his employee without charging them with anything.

66. This incident and the previous incident have caused harm to Plaintiff HAYMER's personal and professional reputations. These incidents have interfered with, and harmed, his business and caused him financial losses.

### Defendant DEBOIS's Pattern of Misconduct

67. Defendant DEBOIS began his law enforcement career at the Chicago Housing Authority. He then worked as a police officer for the Harvey Police Department from 1999 to 2007. Defendant DEBOIS joined the Markham Police Department in 2007. Defendant DeBois is a high-ranking official in the Markham Police Department, with the title of Deputy Chief.

68. Since 2004, Defendant DEBOIS has been named in at least thirteen separate lawsuits alleging various types of misconduct and civil rights' violations.

69. Defendant CITY has allowed Defendant DEBOIS to abuse citizens and the criminal court processes by, among other things, using excessive force, making false arrests and police reports, stealing, fabricating and/or withholding evidence, and illegally searching homes and property.

70. Defendant CITY has paid for Defendant DEBOIS's legal representation in these lawsuits and has paid undisclosed amounts of money to settle lawsuits against DEBOIS.

### The City's Deliberate Indifference

71. Defendant CITY Markham maintains a de facto policy, practice and custom of failing to properly screen, train, supervise, discipline and control its officers, which was the moving force behind the violations of Plaintiffs' constitutional rights.

8

72.     Municipal policy-makers have long been aware of Defendant CITY's policy and practice of failing to properly screen, train, monitor and discipline its police officers.

73.     For example, Defendant CITY has failed to institute an adequate system for recognizing problem officers, or to ensure an effective disciplinary system.

74.     At the time of the events at issue in this case, the Department had not implemented any written policy, practice or procedure to conduct pattern analysis of complaints of misconduct against Markham police officers. Thus, Defendant DEBOIS has been able to accumulate large numbers of complaints of similar misconduct without fear of disciplinary action.

75.     As a result of Defendant CITY's policies, practices and customs, its officers, were emboldened by their knowledge that they were "above the law" and would not be held accountable for their misconduct.

76.     At the time of the events described above, Defendant DEBOIS and DEFENDANT OFFICERS knew that Defendant CITY would not subject them to any meaningful investigation and discipline.  Their misconduct in this case was a direct result of Defendant CITY's failure to adequately screen, discipline and control its officers.

**COUNT I**
(42 U.S.C. § 1983: Unlawful Search – October 20, 2010)

77.     Each of the preceding paragraphs is incorporated as if fully restated here.

78.     As more fully described above, DEFENDANT OFFICERS entered and searched Plaintiff CALDWELL's property, and Plaintiff HAYMER's vehicles and person, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

79.     This misconduct, including he manner and scope of each search, was objectively unreasonable under the circumstances.

9

80.    On information and belief, one or more of DEFENDANT OFFICERS who did not participate in the unlawful search(es) had a reasonable opportunity to intervene to prevent harm to Plaintiffs, but failed to do so.

81.    As a direct and proximate result of these illegal searches, Plaintiffs suffered damages, including emotional damages, which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS in a fair and just amount sufficient to compensate them for the injuries they have suffered.  Plus, Plaintiffs seek a substantial sum in punitive damages against DEFENDANT OFFICERS, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT II
(42 U.S.C. § 1983: Unlawful Search – May 14, 2011)

82.    Each of the preceding paragraphs is incorporated as if fully restated here.

83.    As more fully described above, Defendant DEBOIS and UNKNOWN OFFICERS entered and searched Plaintiff HAYMER's vehicle and his person, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HAYMER's rights under the Fourth Amendment to the United States Constitution.

84.    This misconduct, including the manner and scope of each search, was objectively unreasonable under the circumstances.

85.    On information and belief, one or more of DEFENDANT OFFICERS who did not participate in the unlawful search(es) had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

86.    As a direct and proximate result of these illegal searches, Plaintiff HAYMER suffered damages, including emotional damages, which will be proven at trial.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendant DEBOIS and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate him for the injuries he

has suffered. Plus, Plaintiff HAYMER seeks a substantial sum in punitive damages against Defendant DEBOIS and UNKNOWN OFFICERS, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT III
### (42 U.S.C. § 1983: Unlawful Seizure/False Arrest – October 20, 2010)

87.    Each of the preceding paragraphs is incorporated as if fully restated here.

88.    As more fully described above, Defendants DEBOIS, PRICE and DEFENDANT OFFICERS detained Plaintiff HAYMER, or caused Plaintiff HAYMER to be detained, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HAYMER's rights under the Fourth Amendment to the United States Constitution.

89.    The misconduct described in this count was objectively unreasonable under the circumstances.

90.    On information and belief, one or more of DEFENDANT OFFICERS who did not participate in the unlawful seizure of Plaintiff HAYMER, had knowledge of the unlawfulness of his or her fellow officers' actions, and had a reasonable opportunity to intervene to prevent harm to Plaintiff HAYMER, but failed to do so.

91.    As a direct and proximate result of this illegal seizure, Plaintiff HAYMER suffered damages, including emotional damages, damage to his reputation and business, and a deprivation of his liberty.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendants DEBOIS, PRICE and  DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered. Plus, Plaintiff HAYMER seeks a substantial sum in punitive damages against Defendants DEBOIS, PRICE and DEFENDANT OFFICERS, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT IV
### (42 U.S.C. § 1983: Unlawful Seizure/False Arrest – May 14, 2011)

92.     Each of the preceding paragraphs is incorporated as if fully restated here.

93.     As more fully described above, Defendants DEBOIS and UNKNOWN OFFICERS, detained Plaintiff HAYMER, or caused Plaintiff HAYMER to be detained, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HAYMER's rights under the Fourth Amendment to the United States Constitution.

94.     The misconduct described in this count was objectively unreasonable under the circumstances.

95.     On information and belief, one or more Defendants who did not participate in the unlawful seizure of Plaintiff HAYMER, had knowledge of the unlawfulness of his or her fellow officers' actions, and had a reasonable opportunity to intervene to prevent harm to Plaintiff HAYMER, but failed to do so.

96.     As a direct and proximate result of this illegal seizure, Plaintiff HAYMER suffered damages, including emotional damages, damage to his reputation and business, and a deprivation of his liberty.

    WHEREFORE, Plaintiff HAYMER prays for judgment against Defendants DEBOIS, and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered. Plus, Plaintiff HAYMER seeks a substantial sum in punitive damages against Defendants DEBOIS, and UNKNOWN OFFICERS, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT V
### (42 U.S.C. § 1983:  Conspiracy to Deprive Constitutional Rights – October 20, 2010)

97.     Each of the preceding paragraphs is incorporated as if fully restated here.

98.     As described more fully above, Defendant DEBOIS, PRICE and DEFENDANT OFFICERS, reached an agreement to unlawfully detain and/or arrest Plaintiff HAYMER, search and confiscate his vehicles, maliciously prosecute him, and thereby deprive Plaintiff HAYMER of his Constitutional rights, all as described more fully throughout this Complaint.

99.     Each of these Defendants further conspired to cover up their misconduct with respect to their actions against Plaintiff HAYMER.

100.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts, or caused others to do so, and was an otherwise willful participant in joint activity.

101.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff HAYMER.

102.    As a result of the Defendants' conduct, Plaintiff HAYMER suffered damages, including emotional distress, damage to his reputation and business, and a deprivation of his liberty.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendants DEBOIS, PRICE, and DEFENDANT OFFICERS, in a fair and just amount sufficient to compensate Plaintiff HAYMER for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as this Court finds just and equitable.

### COUNT VI
(42 U.S.C. § 1983:  Conspiracy to Deprive Constitutional Rights – May 14, 2010)

103.    Each of the preceding paragraphs is incorporated as if fully restated here.

104.    As described more fully above, Defendant DEBOIS and UNKNOWN OFFICERS, reached an agreement to unlawfully detain and/or arrest Plaintiff HAYMER, search and confiscate his vehicles, maliciously prosecute him, and thereby deprive Plaintiff HAYMER of his Constitutional rights, all as described more fully throughout this Complaint.

105.    Each of these Defendants further conspired to cover up their misconduct with respect to their actions against Plaintiff HAYMER.

106.   In furtherance of the conspiracy, each of the co-conspirators committed overt acts, or caused others to do so, and was an otherwise willful participant in joint activity.

107.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff HAYMER.

108.   As a result of the Defendants' conduct, Plaintiff HAYMER suffered damages, including emotional distress, damage to his reputation and business, and a deprivation of his liberty.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendants DEBOIS, and UNKNOWN OFFICERS, in a fair and just amount sufficient to compensate Plaintiff HAYMER for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as this Court finds just and equitable.

## COUNT VII
(42 U.S.C. § 1983: *Monell* Policy Claim Against the City of Markham)

109.   Each of the preceding paragraphs is incorporated as if fully restated here.

110.   The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and practice of the Markham Police Department in that:

111.   As a matter of both policy and practice, the Markham Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

112.   As a matter of both policy and practice, the Markham Police Department facilitates the very type of misconduct at issue here by failing to adequately screen, punish and discipline prior instances of similar misconduct, thereby leading Markham police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Markham police officers accused of misconduct can be confident that the Department will not investigate those accusations in earnest, and will refuse to recommend

14

discipline even where the Officer has engaged in misconduct;

113.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Markham Police Department abuse citizens in a manner similar to that alleged by Plaintiffs on a frequent basis, yet the Markham Police Department makes findings of wrongdoing in a disproportionately small number of cases;

114.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Markham Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

115.   As a proximate result of the above-detailed actions of Defendants, Plaintiffs were injured as more fully described above.

WHEREFORE, Plaintiffs requests that judgment be entered in favor of Plaintiffs and against the Defendant CITY and that Plaintiffs be awarded compensatory damages, reasonable attorneys' fees, costs, and expenses.

### COUNT VIII
(Illinois Intentional Infliction Of Emotional Distress – October 20, 2011)

116.   Each of the preceding paragraphs is incorporated as if fully restated here.

117.   As more fully described above, Defendants DEBOIS, PRICE and DEFENDANT OFFICERS engaged in conduct with respect to Plaintiffs, which was extreme and outrageous.

118.   Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiffs severe emotional distress, knowing that there was a high probability that their behavior would cause Plaintiffs severe emotional distress and mental anguish.

119.   As a direct and proximate result of Defendants' misconduct, Plaintiffs in fact, have suffered severe emotional distress.

120.  Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

121.  At all relevant times, Defendants DEBOIS and DEFENDANT OFFICERS were agents of Defendant CITY and employees of the Markham Police Department acting within the scope of their employment.  Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendants CITY, DEBOIS, PRICE, and DEFENDANT OFFICERS in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, all such other relief as this Court finds just and equitable.

## COUNT IX
### (Illinois Conversion– October 20, 2011)

122.  Each of the preceding paragraphs is incorporated as if fully restated here.

123.  As more fully described above, Plaintiff HAYMER had an absolute and unconditional right to a specific amount of United States' currency and one or more of DEFENDANT OFFICERS wrongfully and without authorization assumed control, dominion or ownership over his property.

124.   Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards Plaintiff HAYMER's absolute right to possess his and B & E's property.

125.  As a proximate result of DEFENDANT OFFICERS' conversion of Plaintiff HAYMER's property, Plaintiff and his company suffered pecuniary loss.

126.   Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

16

127.  At all relevant times, DEFENDANT OFFICERS were agents of Defendant CITY and employees of the Markham Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS.

WHEREFORE, Plaintiffs pray for restitution from Defendants CITY and DEFENDANT OFFICERS in the same amount as the United State's currency which DEFENDANT OFFICERS unlawfully converted, plus, all such other relief as this Court finds just and equitable.

**COUNT X**
(Illinois Tortious Interference With A Business Relationship)

128.  Each of the preceding paragraphs is incorporated as if fully restated here.

129.  As more fully described above, Plaintiff HAYMER and his security company, had a reasonable expectation of future business with third parties in and around Markham, Illinois.

130.  Defendants had knowledge of this prospective business.

131.  Defendants have purposely interfered to prevent the expectation of future business from being fulfilled.

132.   Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards causing harm to Plaintiff HAYMER's professional reputation and his current and future business relationships.

133.  As a direct and proximate result of Defendants' wrongful interference with Plaintiff's business relationships, Plaintiff HAYMER and B & E Security have suffered, and will likely continue to suffer, financial loss and damage to its reputation.

134.   Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

17

135.  At all relevant times, Defendant DEBOIS, DEFENDANT OFFICERS and UNKNOWN OFFICERS were agents of Defendant CITY and employees of the Markham Police Department acting within the scope of their employment.  Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant DEBOIS, DEFENDANT OFFICERS and UNKNOWN OFFICERS.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendant CITY, DEBOIS, PRICE and DEFENDANT OFFICERS in a fair and just amount sufficient to compensate Plaintiff HAYMER for the injuries he has suffered, as well as such other relief as is just and equitable.

## COUNT XI
(Illinois State Law False Imprisonment – October 20, 2011)

136.  Each of the preceding paragraphs is incorporated as if fully restated here.

137.  As more fully described above, Defendants DEBOIS, PRICE, and DEFENDANT OFFICERS, unlawfully seized and detained Plaintiff HAYMER, or caused him to be unlawfully seized and detained, without a warrant, probable cause, or any other legal justification to do so.

138.  Defendants DEBOIS, PRICE and DEFENDANT OFFICERS acted willfully and wantonly in that he intended to violate, or was recklessly indifferent towards violating, Plaintiff HAYMER's rights.

139.  As a direct and proximate result of these Defendants' misconduct, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

140.  Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

141.  At all relevant times, Defendants DEBOIS and DEFENDANT OFFICERS were agents of Defendant CITY and employees of the Markham Police Department acting within the scope of

their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendant CITY, DEBOIS, PRICE and DEFENDANT OFFICERS in a fair and just amount sufficient to compensate Plaintiff HAYMER for the injuries he has suffered, as well as such other relief as is just and equitable.

### COUNT XII
(Illinois State Law False Imprisonment – May 14, 2011)

142.   Each of the preceding paragraphs is incorporated as if fully restated here.

143.   As more fully described above, Defendants DEBOIS and UNKNOWN OFFICERS, unlawfully seized and detained Plaintiff HAYMER, or caused him to be unlawfully seized and detained, without a warrant, probable cause, or any other legal justification to do so.

144.   Defendants DEBOIS and UNKNOWN OFFICERS acted willfully and wantonly in that he intended to violate, or was recklessly indifferent towards violating, Plaintiff HAYMER's rights.

145.   As a direct and proximate result of these Defendants' misconduct, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

146.   Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

147.   At all relevant times, Defendants DEBOIS and DEFENDANT OFFICERS were agents of Defendant CITY and employees of the Markham Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, DEFENDANT OFFICERS.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendant CITY, DEBOIS, and UNKNOWN OFFICERS in a fair and just amount sufficient to compensate Plaintiff

HAYMER for the injuries he has suffered, as well as such other relief as this Court finds just and equitable.

## COUNT XIII
### (Illinois Malicious Prosecution)

148.  Each of the preceding paragraphs is incorporated as if fully restated here.

149.  As more fully described above, Defendant DEBOIS, PRICE and DEFENDANT OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff HAYMER, or caused such prosecution to continue, without probable cause to believe he had committed a crime.

150.  With malice, willfulness, and/or reckless indifference to Plaintiff HAYMER's rights, Defendants created, or acquiesced to, false and/or inaccurate police reports, and charging complaints, causing Plaintiff HAYMER to be prosecuted for a crime he did not commit.

151.  In addition, DEFENDANT OFFICERS and/or DEBOIS and/or PRICE gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

152.  The criminal proceedings against Plaintiff HAYMER were terminated in his favor, in a manner indicative of innocence.

153.  As a direct and proximate result of Defendants' malicious prosecution, Plaintiff HAYMER suffered financial and emotional damages.

154.  Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

155.  At all relevant times, Defendant DEBOIS and DEFENDANT OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Markham Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by DEFENDANT OFFICERS.

WHEREFORE, Plaintiff HAYMER prays for judgment against Defendants CITY, DEBOIS, PRICE, and DEFENDANT OFFICERS in an amount reasonable to compensate him for the damages he has suffered, as well as such other relief as this Court finds just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

MICHAEL HAYMER and RUBY CALDWELL, Plaintiffs,

By:    /s/ Torreya L. Hamilton
          Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
11 South LaSalle St., Suite 1000
Chicago, IL 60603
312.726.3173

By:    /s/ Thomas P. Needham
          Attorney for Plaintiffs

LAW OFFICE OF THOMAS P. NEEDHAM
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
312. 726.3171